United States District Court

Eastern District of California

Robert John Sparks,

     Petitioner,                      No. Civ. S 02-0187 DFL PAN P

  vs.                             Findings and Recommendations

Diane Butler, et al.,

     Respondents.

-oOo-

Petitioner is a state prisoner with counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner challenges his June 21, 2000, conviction in the Tehama County Superior Court of transporting and possessing methamphetamine (Health and Safety Code §§ 11379(a) & 11377(a)), possessing drug paraphernalia (Health and Safety Code § 11364) and escape (Penal Code § 836.6(b)).  The possession charge was dismissed as a lesser included offense of the transportation charge.  The court also found petitioner was convicted of a prior

1  felony.

2      After petitioner crashed his truck into a tree, left the
3  scene, and returned (wearing a blue shirt), officers at the scene
4  found a bag containing methamphetamine and drug paraphernalia on
5  the ground near the truck.  Petitioner admitted to one of the
6  officers he had been driving the truck.  (RT 89.)

7      Petitioner claims trial counsel provided constitutionally
8  deficient assistance.  One witness, a Bell Carter employee,
9  reported seeing the truck crash and the driver, a man in a blue
10 shirt, got out of the truck and stagger away.  Petitioner's
11 friend Carmen Cook, would have testified that petitioner was
12 wearing a black vest and jacket and had his dog with him when he
13 came to her house to get help after the accident but he took off
14 the vest and jacket and left them at her house before returning
15 to the scene.  Petitioner argues that these accounts cast doubt
16 on his guilt because they allowed an inference that drugs and
17 paraphernalia may have belonged either to a man in a blue shirt
18 or a man in a black vest and jacket with a dog.  Petitioner
19 contends that counsel worsened matters by reading into the record
20 the description given by the Bell Carter employee, without
21 calling Cook to testify.

22     Petitioner did not testify at trial and adduced no
23 witnesses.  Defense counsel argued that law enforcement testimony
24 at the preliminary hearing and trial was inconsistent on minor
25 details, that petitioner's fingerprints were not found on the
26

black bag or its contents and that it was not established beyond a reasonable doubt that the bag had ever been in petitioner's truck.  (RT 170-81.)

Petitioner appealed to the California Court of Appeal for the Third District.  He argued, without evidentiary support, that trial counsel had rendered ineffective assistance in failing to call unspecified witnesses.  While the appeal was pending, petitioner filed a petition for habeas corpus in the appellate court in November 2000, submitting Carmen Cook's declaration in support of his claim he received ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984).

The court of appeal denied the petition for habeas corpus, without citation or analysis, on December 7, 2000.  Then on April 30, 2001, the court of appeal affirmed petitioner's conviction, stating as follows:

> In the early afternoon of February 29, 2000, Officer Gina Giannoni was sent out to investigate a reckless driving call.  Upon arriving at the scene, she saw a blue Ford pickup, which had crashed into a tree.  Shortly after Officer Giannoni arrived, a female employee of nearby Bell Carter told Officer Giannoni she had seen the driver of the truck stagger away from the scene after he hit the tree.  She described the driver as wearing a blue shirt and blue pants.  This unidentified woman then left.
>
> Checking the area of the accident, Officer Giannoni noticed a backpack and two bags inside the truck.  Officer Woods then arrived at the scene.  He also saw a backpack and two bags inside the truck.
>
> After the officers arranged for the truck to be towed, defendant, wearing a blue shirt and blue jeans, returned.  He told the officers the brakes had gone out in the truck, causing him to crash.  While speaking

with the officers, defendant began rummaging through things in the truck.

Officer Woods noticed the smell of alcohol on defendant's breath and asked him whether he had been drinking. Defendant answered he had had one beer after the accident.

The officers sought and obtained defendant's consent to search the truck. During the course of the search, Officer Giannoni found a small black bag on the ground approximately 15 feet away from the truck. Inside the bag, the officers found a syringe, a glass pipe and .4 grams of methamphetamine. Although defendant denied the bag was his, and there were no indicia of his ownership of the bag, the officers placed defendant under arrest, handcuffed him and placed him in the back seat of the patrol car.

Officer Woods began to take an inventory of the items in the truck. He found the backpack and one of the bags he had seen in the truck previously, but the second small bag was no longer in the truck. Officer Woods heard keys jingling and turned to see defendant running away. Officer Woods chased defendant and caught him about 200 yards away.

At trial, defendant offered no evidence or witnesses nor was there any objection to the imposition of consecutive sentences.

\*\*\*

On direct appeal, defendant contends his trial counsel was ineffective because he did not call as a witness either the eyewitness from Bell Carter or the "person/persons whom [defendant] visited upon leaving the scene following the accident." Defendant speculates that the witnesses would have confirmed his claim that the contraband found in the truck belonged to another person who departed the scene. Defendant has not made an adequate showing to sustain this claim.

"'Reviewing courts will reverse convictions [on direct appeal] only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for [his or her] act or omission.'" (People v. Zapien (1993) 4 Cal.4th 929, 980.) "[T]his ineffective assistance claim cannot properly be raised on appeal, because the record before us does not reveal the basis

> for trial counsel's decision not to [call particular witnesses] . . . , and that decision is not of the type for which there could be no satisfactory explanation." (People v. Hart (1999) 20 Cal.4th 546, 625.)
>
> "To sustain a claim of inadequate representation by reason of failure to call a witness, there must be a showing from which it can be determined whether the testimony of the alleged additional defense witness was material, necessary, or admissible, or that defense counsel did not exercise proper judgment in failing to call him." (People v. Hill (1969) 70 Cal.2d 678, 690.) There is no such showing on this record.
>
> There are myriad of reasons why defense counsel may have chosen not to call these witnesses, not the least of which is their testimony might have further implicated defendant, rather than being exculpatory. On the record before us, defendant has not established there were any witnesses who were not called who would have provided testimony material to his defense. (See People v. Rowland (1971) 21 Cal.App.3d 371, 374.) In the absence of a record demonstrating either the materiality of the potential witness's testimony or the complete lack of any rational tactical purpose for this failure, we will not deem counsel's actions deficient.

Answer, Exhibit A.

Petitioner petitioned the California Supreme Court June 14, 2001, raising as issues for review the propriety of the appellate court's deciding his appeal based on lack of supporting evidence while simultaneously denying his petition for habeas corpus, which was supported by evidence, without citation. Answer Ex. C. The petition for review was denied summarily without comment July 18, 2001. Answer, Exhibit B.

This court cannot grant habeas relief unless the state court's determination of petitioner's claim was contrary to or an unreasonable application of federal law as clearly established by the United States Supreme Court. A decision is contrary to

clearly established federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result. <u>Williams v. Taylor</u>, 529 U.S. 362, 413-14 (2000). A decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle but applies that principle to the facts of the prisoner's case in a manner that is "objectively unreasonable." <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003). "Clearly established federal law" is defined as the holdings of the United States Supreme Court existing when the state court issued its decision. <u>Williams</u>, 529 U.S. at 412. Circuit law is "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law. <u>Clark v. Murphy</u>, 331 F.3d 1062 (9th Cir. 2003); <u>Duhaime v. Ducharme</u>, 200 F.3d 597, 600-01 (9th Cir. 1999). Where the state court summarily denies the petition without comment, the district court will look to the last reasoned state decision on the issue. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797 (1991). If none exists, the district court must independently review the record to determine whether the state ruling was contrary to or an unreasonable application of clearly established federal law. <u>Delgado v. Lewis</u>, 223 F.3d 976, 981-82 (9th Cir. 2000).

  This court looks to the appellate decision as the last reasoned state decision on petitioner's claim of ineffective

1  assistance.  Respondent contends petitioner's claim is "factually
2  unexhausted" because he never filed a petition for habeas corpus,
3  supported by the Cook declaration, in the California Supreme
4  Court.  Petitioner argues exhaustion requirements are met because
5  his petition for review attached a copy of the habeas petition to
6  the court of appeal and the Cook declaration.  This court finds
7  the California Supreme Court had a fair opportunity to act on
8  petitioner's claim, and it is exhausted.  See Kelly v. Small, 315
9  F.3d 1063 (9th Cir. 2003).
10      To establish ineffective assistance of counsel, a petitioner
11 must first show that, considering all the circumstances,
12 counsel's performance fell below an objective standard of
13 reasonableness.  See Strickland v. Washington, 466 U.S. 668, 688
14 (1984).  The court must determine whether the acts or omissions
15 identified by the petitioner were outside the wide range of
16 professional, competent assistance.  Id. at 690.  If so, the
17 court must then examine whether those errors prejudiced the
18 petitioner.  Id. at 693.  Prejudice is found where "there is a
19 reasonable probability that, but for counsel's unprofessional
20 errors, the result of the proceedings would have been different."
21 Id. at 694.  A reasonable probability is "a probability
22 sufficient to undermine confidence in the outcome."  Id.; see
23 also Williams, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d
24 972, 981 (9th Cir. 2000).  The prejudice analysis focuses on
25 "whether counsel's deficient performance render[ed] the result of
26 the trial unreliable or the proceeding fundamentally unfair."

Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Petitioner argues that trial counsel's performance, in offering the Bell Carter employee's description of the man driving while failing to offer the available testimony of Carmen Cook that petitioner arrived at her house wearing a black vest and jacket and leading a dog, fell below an objective standard of reasonableness.

Assuming without deciding that counsel's performance fell below that of a competent lawyer, petitioner fails to show he suffered prejudice as defined by Strickland. The jury clearly reached a conclusion that the bag was in the truck when petitioner arrived at the scene, and it was petitioner who moved it to its location on the ground 15 feet away from the truck. This, coupled with petitioner's escape after he was arrested, the needle marks on his arm, and his strange behavior in ignoring Officer Giannoni and desperately rummaging through the property in the truck, supported the jury's implicit finding that he knew contents. There is no reasonable probability that, but for counsel's alleged error, the result of the proceedings would have been different; petitioner fails to "undermine confidence in the outcome" of his trial.

Accordingly, the court hereby recommends that the petition for habeas corpus be denied.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case. Written objections may be

filed within 20 days of service of these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated:  April 19, 2005.

>           /s/ Peter A. Nowinski
> PETER A. NOWINSKI
> Magistrate Judge